State of Wisconsin, Plaintiff-Respondent,
v.
Paul A. Gocker, Defendant-Appellant.
No. 04-0776-CR.
Court of Appeals of Wisconsin.
Opinion Filed: August 11, 2004.
¶1 ANDERSON, P.J.[1]
Given that the trial court has considerable latitude in shaping the scope of recross-examination, we affirm its decision that Paul A. Gocker could not question a sheriff's deputy concerning whether a drunk driving suspect can be forced to submit to a chemical test for the presence of alcohol.
¶2 During redirect examination of a sheriff's deputy, the following exchange took place:
PROSECUTOR: Deputy, as far as the field sobriety tests, is there a reason that you ask a person whether or not they are willing to perform the tests, as opposed to wording it some other way?
WITNESS: Well, it is their option to do the tests.
PROSECUTOR: There is no way that you can force them to take the tests; is that correct?
WITNESS: Correct.
¶3 The trial court permitted defense counsel to conduct recross of the deputy.
DEFENSE COUNSEL: Deputy Tenor, you testified that there is no way to force a suspect to take a test?
WITNESS: A field sobriety test.
DEFENSE COUNSEL: Okay. Is it true that Mr. Gocker did not want to take a chemical test of his breath?
WITNESS: Correct.
DEFENSE COUNSEL: Isn't it a fact that
PROSECUTOR: Your honor, I will object. Could we approach, and find out what the question is going to be? I have a feeling that I know what it is.
THE COURT: I think I know what you are going to ask, [defense counsel]. It is not permissible. It is a matter of law, and you could have had that matter decided in a pretrial hearing with a judge. But this is a matter that concerns the jury, I believe. So, we are not going to argue points of law here today, are we?
¶4 After the trial court dismissed the jury for its lunch break, the parties and the court took the opportunity to flesh out the cryptic comments following the State's above-quoted objection.
PROSECUTOR: Just to fill out the record a little bit, your Honor, maybe [defense counsel] can inform the Court as to what the question would have been, that I have objected to. I expect that he would have asked if any law enforcement officer had the ability to force a blood draw from the defendant for a blood test.
DEFENSE COUNSEL: That's correct.
¶5 Appealing from his conviction for operating while intoxicated, third offense, WIS. STAT. §§ 346.63(1)(a) and 346.65(2)(c), the only argument Gocker makes is that the trial court erred in sustaining the State's objection to asking the deputy if he could have forced the defendant to submit to a chemical test of his breath. Gocker argues:
What the defendant is entitled to is a fair trial. It is not fair if the state is permitted to elicit inaccurate information, and draw inferences therefrom. By sustaining the state's objection, the state was able to inaccurately argue that the officer lacked evidence because the defendant hid it from him. Meanwhile, the defendant was deprived of the counter-argument that he did not hide any evidence; rather, the officer rested his hand, afraid to draw another card. The officer had the ultimate control over sobriety testing, and any contrary implication required clarification.
¶6 "The decision whether to admit or exclude evidence lies within the sound discretion of the [trial] court." State v. Head, 2002 WI 99, ¶43, 255 Wis. 2d 194, 648 N.W.2d 413. Upon review of evidentiary issues, "[t]he question on appeal is not whether this court, ruling initially on the admissibility of the evidence, would have permitted it to come in, but whether the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record." State v. Wollman, 86 Wis. 2d 459, 464, 273 N.W.2d 225 (1979). An appellate court will uphold an evidentiary ruling when the trial court "examined the relevant facts; applied a proper standard of law; and using a demonstrative rational process, reached a conclusion that a reasonable judge could reach." State v. Sullivan, 216 Wis. 2d 768, 780-81, 576 N.W.2d 30 (1998).
¶7 Gocker's sole argument is that when the State, on redirect, asked the deputy if he could force Gocker to submit to field sobriety tests, it "opened the door" to Gocker questioning him if the State could force him to submit to a chemical test of his breath. Gocker is wrong that this comes under the theory of "opening the door" or "curative admissibility."
We use the curative admissibility doctrine, commonly referred to as "opening the door," as the framework for our analysis. The curative admissibility doctrine is applied when one party accidentally or purposefully takes advantage of a piece of evidence that would normally be inadmissible. Under such circumstances, the court may allow the opposing party to introduce otherwise inadmissible evidence if it is required by the concept of fundamental fairness to prevent unfair prejudice.
State v. Dunlap, 2002 WI 19, ¶14, 250 Wis. 2d 466, 640 N.W.2d 112 (citations omitted). As our colleague has explained, "[w]hen one party attempts to exploit evidence which has been declared out of bounds, the doctrine of curative admissibility permits a trial court to cure the error by having the other party respond with its own version of the inadmissible evidence." State v. Jackson, 212 Wis. 2d 203, 223, 567 N.W.2d 920 (Ct. App. 1997) (Brown, J., dissenting), rev'd, 216 Wis. 2d 646, 575 N.W.2d 475 (1998).
¶8 As the quoted questions and answers on redirect demonstrate, the State was not straying out-of-bounds when it asked if the deputy could have forced Gocker to submit to field sobriety tests.[2] Therefore, because this was an area of admissible evidence, the issue really is whether the trial court erred in limiting the scope of recross-examination. After the State asked about forcing Gocker to submit to additional field sobriety tests, Gocker attempted to ask if the State could force submission to chemical tests, and that is when the trial court limited Gocker's attempted exploration of forcing chemical tests.
¶9 Generally, the scope of recross-examination is limited to the scope of redirect, but the court has considerable latitude in determining what is proper. In State v. Cydzik, 60 Wis. 2d 683, 690, 211 N.W.2d 421 (1973), our supreme court stated, "This court has given trial courts considerable latitude in determining what is proper cross-examination, and we see no reason for narrowing that area of trial court discretion when it comes to recross or redirect interrogation of a witness." (Footnotes omitted.) We cannot fault the trial court for preventing Gocker from straying into an area not mentioned on redirectforced chemical testingthat could have consumed precious judicial time. A trial court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to ... avoid needless consumption of time."[3] WIS. STAT. § 906.11(1)(b).
By the Court.  Judgment affirmed.
NOTES
[1] This is a one-judge appeal pursuant to WIS. STAT. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Evidence of a refusal to submit to field sobriety tests is admissible as consciousness of guilt, see State v. Bolstad, 124 Wis. 2d 576, 583, 370 N.W.2d 257 (1985), and that the use of such evidence does not violate the Fifth Amendment or the equivalent provision of the Wisconsin Constitution, article I, section 8, State v. Mallick, 210 Wis. 2d 427, 434-35, 565 N.W.2d 245 (Ct. App. 1997).
[3] We are permitted to affirm the trial court on a different theory than it used to sustain the State's objection. See Vanstone v. Town of Delafield, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995).