STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Ronald JACKSON, Defendant-Appellant.

Supreme Court

*No. 96–1618–CR. Oral argument January 6, 1998.—Decided March 20, 1998.*

(Also reported in 575 N.W.2d 475.)

For the plaintiff-respondent-petitioner there were briefs by *Marguerite M. Moeller*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the defendant-appellant there was a brief and oral argument by *Glenn L. Cushing*, assistant state public defender.

¶ 1. ANN WALSH BRADLEY, J. The State of Wisconsin (State) seeks review of a published decision

of the court of appeals[1] that reversed the defendant's convictions as a repeat offender of first-degree sexual assault, kidnapping while armed, robbery, threat to injure, and armed burglary. The State asserts that the circuit court properly excluded evidence of prior consensual sexual relations between the defendant and the complainant, and correctly permitted the State to admit hostile letters written by the defendant for purposes of impeaching a witness. Because we determine that the circuit court's refusal to admit evidence of the prior sexual relationship was proper under Wisconsin's rape shield statute, Wis. Stat. § 922.11 (1993–94),[2] and that any error in allowing the State to reference the letters written by the defendant was harmless, we reverse the decision of the court of appeals.

¶ 2. In mid 1994, the complainant moved into a townhouse already occupied by the defendant and his girlfriend. The defendant contends that at that time, he and the complainant had a brief sexual relationship consisting of sexual intercourse on three occasions.

¶ 3. Subsequently, the defendant's girlfriend fell behind on payment of her share of the rent and utility bills, forcing the complainant to cover the difference. The complainant apparently then began asking the defendant to cover the difference. He refused and a strained relationship developed between the parties.

¶ 4. On December 1, 1994, the police were called to the townhouse by the complainant. She alleged that an assailant had entered her room carrying a knife and ordered her to remove her clothing. She tried to escape

---

[1] *State v. Jackson*, 212 Wis. 2d 203, 567 N.W.2d 920 (Ct. App. 1997) (overruling decision of Circuit Court for Kenosha County, S. Michael Wilk, Judge).

[2] Unless otherwise indicated, all future statutory references are to the 1993–94 volumes.

and he chased her over all three floors of the home. The complainant and the assailant struggled over the knife, leaving the complainant injured. After the assailant robbed her, save for a $20 bill left at the complainant's request, the assailant fled. While interviewing the complainant, the police searched the townhouse. Only when they advised her that no one else was present did she then identify the defendant as her assailant:

¶ 5. The State charged the defendant with one count each of sexual assault, robbery, kidnapping while armed, threat to injure, and armed burglary, all as a repeater.[3] Three days before trial the defendant filed a motion to admit evidence of a prior consensual sexual relationship with the complainant, evidence alleged to be relevant to "the issue of consent to sexual contact, the voluntariness relative to kidnapping and related matters."

¶ 6. The morning of the first day of trial the defendant apparently changed his defense and admitted that an altercation with the complainant had taken place, but denied that any sexual contact occurred during the incident. Nevertheless, defense counsel continued to argue for admission of the sexual history evidence, since "[i]t is not directly a question of consent, but it is a question of what consent on prior occasion implies about the whole relationship. . . ." The circuit court denied the motion. The court ruled that since the defendant was denying sexual contact during the incident in question, consent was not an issue and the proffered evidence failed to meet the requirements of

---

. [3] In violation of Wis. Stats. §§ 940.225(1)(b), 943.32(1)(a), 940.31(1)(b), 939.63, 943.30(1), 943.10(1)(f), 943.10(2)(a), respectively.

Wis. Stat. § 971.31(11)[4] that evidence be probative and material.

¶ 7. The defendant's argument at trial centered on portraying the complainant as a vindictive and malicious liar who had filed trumped-up charges against the defendant. Prior to the State's cross-examination of the defendant, the defense had not offered proof of any secondary motivation for the complainant's charges other than the parties' financial disagreements and the complainant's dislike of the defendant. While exploring the defense's theory that the complainant had lied, the State reiterated the defendant's prior testimony concerning motive and asked the defendant, "And you're offering here, for the motive for why she wants to do that, the fact that she had some disagreement over finances with you in the home?" The defendant replied, "No, it was more to it than it. It was more issues that could have been brought out into court that I was told I couldn't talk about."

¶ 8. The defendant then argued to the circuit court, out of the presence of the jury, that this colloquy opened the door to evidence of the complainant's prior sexual history with the defendant and that the court should remove its earlier prohibition on such testimony. The circuit court disagreed and again prohibited the defendant from mentioning the prior sexual relationship.

---

[4] Wis. Stat. 971.31(11) provides:

In actions under s. 940.225, 948.02, 948.025 or 948.095, evidence which is admissible under s. 972.11(2) must be determined by the court upon pretrial motion to be material to a fact at issue in the case and of sufficient probative value to outweigh its inflammatory and prejudicial nature before it may be introduced at trial.

¶ 9. During the course of trial the State attempted to utilize portions of two letters written by the defendant to his girlfriend. The letters appeared to be threatening and contained obscene language. The circuit court admitted the letters during the girlfriend's testimony to establish the defendant's common use of particular slang terminology.

¶ 10. The circuit court also allowed the State to use excerpts from one of the letters during the State's cross-examination of the girlfriend's sister (hereinafter "the sister"). The sister referenced that letter on her own initiative, but immediately dismissed its contents as nonthreatening. The circuit court allowed the State to attempt to impeach this statement and the underlying credibility of the sister's testimony by reading five excerpts. Finally, the State also referenced the excerpts from the letter on three occasions during closing arguments—without objection from the defense.

¶ 11. The jury convicted the defendant on each of the five counts. The circuit court then sentenced him to an indeterminate term of at least 65 years in prison with concurrent probation for 25 years. The defendant appealed the conviction.

¶ 12. The court of appeals reversed the defendant's conviction and remanded the case for a new trial. While the appellate court agreed with the circuit court's initial denial of the defendant's motion to admit evidence of a prior sexual relationship under the rape shield law, it concluded in a split decision that the State had opened the door to the evidence in its cross-examination of the defendant about the complainant's motives. Because the circuit court excluded the evidence after the door was opened, the court of appeals held that the defendant's constitutional right to present a defense had been violated. Finally, the court of

appeals also determined that the State's use of the defendant's threatening letters during cross-examination of the girlfriend and her sister, as well as the State's references to the letters during closing arguments, constituted prejudicial error.

¶ 13. We are thus confronted with two questions: (1) whether the circuit court properly excluded the defendant's proffer of evidence of the complainant's sexual history with him, despite the defendant's constitutional rights to confrontation and to present a defense, and (2) whether the circuit court's decision not to bar the State's use of the defendant's threatening letters constitutes prejudicial error. The admission of evidence is a decision left to the discretion of the circuit court. *See In Interest of Michael R.B.*, 175 Wis. 2d 713, 723, 499 N.W.2d 641 (1993). We will not find an erroneous exercise of discretion where the circuit court applies the facts of record to accepted legal standards. *See State v. Kuntz*, 160 Wis. 2d 722, 745, 467 N.W.2d 531 (1991).

¶ 14. A determination of whether the circuit court's actions violate the defendant's constitutional rights to confrontation and to present a defense is a question of constitutional fact. *See State v. Heft*, 185 Wis. 2d 288, 296, 517 N.W.2d 494 (1994). For purposes of reviewing a question of constitutional fact, we adopt the circuit court's findings of fact, unless clearly erroneous, but independently apply those facts to the constitutional standard. *See State v. McMorris*, 213 Wis. 2d 156, 165, 570 N.W.2d 384 (1997).

## I. Admission of Evidence of Prior Consensual Sex

¶ 15. The defendant argues that the circuit court erroneously exercised its discretion by refusing to admit evidence of his prior sexual relationship with the complainant as evidence of her motivation to fabricate the charges. The defendant further asserts that this refusal constitutes a constitutional deprivation of his right to confront adverse witnesses and to present a defense.

¶ 16. The constitutional rights to confrontation and compulsory process are based in Article I, Section 7 of the Wisconsin Constitution[5] and in the Sixth Amendment to the United States Constitution.[6] These clauses guarantee to criminal defendants the right to cross-examine witnesses and to present evidence in their own defense. *See State v. Pulizzano*, 155 Wis. 2d 633, 456 N.W.2d 325 (1990). While these rights are fundamental and essential to a fair trial, they are not

---

[5] Article I, Sec. 7 of the Wisconsin Constitution states in pertinent part:

> Rights of accused. Section 7. In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf. . . .

[6] The Sixth Amendment to the United States Constitution requires:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

absolute. *See id.* at 645–46. Confrontation and compulsory process only grant defendants the constitutional right to present relevant evidence that is "not substantially outweighed by its prejudicial effects." *Id.* at 646.

¶ 17. The defendant's proffer of past sexual contact with the complainant in this case directly implicates Wis. Stat. § 972.11,[7] Wisconsin's rape shield statute. Under the rape shield statute, a defendant may not offer evidence relating to a victim's past sexual history or reputation absent application of a statutory or judicially created exception. *See* Wis. Stat. § 972.11(2)(b)1–3; *Pulizzano*, 155 Wis. 2d at 647.

¶ 18. Wis. Stat. § 972.11(2)(b)1 creates such an exception to the general bar on evidence of prior sexual history by allowing a defendant to offer "[e]vidence of the complaining witness's past conduct with the defendant." This exception, and its brethren, encompass those limited factual scenarios in which the legislature has determined that evidence of a complainant's sexual

---

[7] Wis. Stat. § 972.11(2) provides:

(2)(a) In this subsection, "sexual conduct" means any conduct or behavior relating to sexual activities of the complaining witness, including but not limited to prior experience of sexual intercourse or sexual contact, use of contraceptives, living arrangements and life-style.

(b) If the defendant is accused of a crime under s. 940.225, 948.02, 948.025, 948.05, 948.06 or 948.095, any evidence concerning the complaining witness's prior sexual conduct or opinions of the witness's prior sexual conduct and reputation as to prior sexual conduct shall not be admitted into evidence during the course of the hearing or trial, nor shall any reference to such conduct be made in the presence of the jury, except the following, subject to s. 971.31 (11):

1. Evidence of the complaining witness's past conduct with the defendant.

history may be sufficiently probative of a material issue to overcome the prejudicial nature of such evidence. *See Pulizzano,* 155 Wis. 2d at 644.

██

¶ 19. However, merely offering proof of the general type described in a particular exception is not enough to defeat the rape shield statute. The exceptions to the rape shield statute are also governed by reference to Wis. Stat. § 971.31(11), which provides:

> In actions under s. 940.225, 948.02, 948.025 or 948.095, evidence which is admissible under s. 972.11(2) must be determined by the court upon pretrial motion to be material to a fact at issue in the case and of sufficient probative value to outweigh its inflammatory and prejudicial nature before it may be introduced at trial.

It is noteworthy that § 971.31(11) inverts the normal "weighing of evidence" under Wis. Stat. § 904.03[8] that evidence should be admitted unless its probative value is substantially outweighed by its potential prejudice. Section 971.31(11) assumes a bias in its balancing test that, absent an evidentiary showing to the contrary, the proffered evidence is more prejudicial than probative. 7 Daniel D. Blinka, *Wisconsin Practice: Evidence* § 420.4, at 177 (1991).

██

¶ 20. Accordingly, under the terms of Wis. Stat. §§ 972.11(2)(b)1 and 971.31(11), the defendant must

---

[8] Wis. Stat. § 904.03 provides:

Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

make a three-part showing that: (i) the proffered evidence relates to sexual activities between the complainant and the defendant; (ii) the evidence is material to a fact at issue; and (iii) the evidence of sexual contact with the complainant is of "sufficient probative value to outweigh its inflammatory and prejudicial nature." *See* § 971.31(11); § 972.11(2)(b)1; *State v. DeSantis*, 155 Wis. 2d 774, 785, 456 N.W.2d 600 (1990) (applying three-part test to § 972.11(2)(b)3). Having laid out the legal standard, we turn then to an analysis of the circuit court's discretionary decision.

██

¶ 21. In applying the first step of the *DeSantis* test, we note initially that the rape shield statute provides no guidance as to the evidentiary burden placed upon the defendant to conform with Wis. Stat. § 972.11(2)(b)1. Faced with the same void under another exception, § 972.11(2)(b)3, the *DeSantis* court required a defendant to offer sufficient evidence to allow a circuit court to "conclude from the proffered evidence that a reasonable person could reasonably infer that the complainant made prior untruthful allegations of sexual assault." *DeSantis*, 155 Wis. 2d at 788. The rationale for adopting that evidentiary burden for purposes of § 972.11(2)(b)3 in *DeSantis* is equally applicable to § 972.11(2)(b)1. *See id.* at 787–89. The circuit court must be able to conclude from the defendant's proffer that a reasonable person could reasonably infer that the prior sexual conduct occurred.

¶ 22. In this case the circuit court held a pretrial evidentiary hearing to consider the defendant's motion to admit evidence of prior sexual conduct under Wis. Stat. § 972.11(2)(b)1. At the hearing the defendant testified that he had had sexual intercourse with the complainant on three prior occasions. The State

responded to the defendant's testimony by representing to the court that the complainant would deny that a sexual relationship ever existed. However, the State did not offer the complainant's testimony at the evidentiary hearing.

¶ 23. Based on the defendant's testimony, the circuit court assumed that he had met his burden of demonstrating the prior sexual conduct. Relying on this assumption, the court then ruled that the evidence was not material, and even if it were, it should be barred as overly prejudicial.

¶ 24. This evidentiary decision by the circuit court was not an erroneous exercise of discretion. A reasonable person could reasonably infer from the defendant's testimony that a sexual relationship with the complainant had existed. The State offered no direct evidence to contradict the defendant's assertions. Accordingly, the circuit court's threshold assumption of the existence of a sexual relationship was not error. Because the evidence related to the complainant's prior sexual conduct with the defendant, the first *DeSantis* factor is established.

¶ 25. The second step of the analysis, whether the evidence is material to a fact at issue in the case, is more problematic. We agree with the circuit court that consent was not at issue in this case. While the defendant had originally represented to the court that the evidence was offered for purposes of proving consent to the alleged sexual contact, the defense reversed its position on the first morning of trial and, in lieu of its prior representation, asserted that the alleged sexual assault never occurred. However, the defense still maintained its motion, arguing to the circuit court that the evidence of prior sexual history was important because "the question of consent. . .is relevant to. . .why

she would raise the issue on this occasion on December 1st aside from her anger or perhaps jealousy at [the girlfriend] concerning the relationship [the defendant] had with her."

¶ 26. The circuit court then allowed the defendant to testify at the motion hearing concerning his alleged consensual sexual relationship with the complainant. It is noteworthy that when defense counsel asked the defendant about the complainant's motivations, "When the fight happened. . .what did you perceive the reasons to be for the fight, aside from the money," the defendant responded, "That was it."

¶ 27. Following this testimony, defense counsel argued that the testimony:

> is relevant, or is material, because of the fact that my client indicates that there was consensual sex in the past, and that that issue demonstrates a relationship between those parties, and that relationship can be explained by the fact that they had relations in the past, and can explain what happened on that date.

¶ 28. When the court pressed for further explanation as to why the evidence was material, defense counsel responded:

> I think that in a case like that, you have to look at the entire set of circumstances concerning the relationship that people had. . . . And certainly the fact that they had had a relationship in the past certainly would add to the anger that she was experiencing at that point in time. . . .So it's not directly a question of consent, but it's a question of what consent on prior occasion implies about the whole relationship that went on between those parties, and explains why human beings in this

situation might have disagreement concerning what happened because of that prior relationship.

The circuit court then stated that it found the offer of proof to be "very general," a conclusion which defense counsel said he understood, and the court denied the defendant's motion.

¶ 29. In *Milenkovic v. State*, 86 Wis. 2d 272, 284, 272 N.W.2d 320 (Ct. App. 1978), the court of appeals determined that an offer of proof "need not be stated with complete precision or in unnecessary detail but it should state an evidentiary hypothesis underpinned by a sufficient statement of facts to warrant the conclusion or inference that the trier of fact is urged to adopt." Despite several opportunities to show that the evidence of the prior sexual relationship was material, the defendant relied upon only vague arguments and bald assertions to tie his suggestion that the complainant acted out of preexisting anger or jealousy to the facts of this case. Even accepting the allegations of the prior sexual relationship as true, the existence of such a relationship, without more, does not lead to an inference that the complainant was angry or jealous when it ended. The existence of such a relationship, without more, does not lead to an inference that false accusations were leveled in revenge for the termination of that relationship.

¶ 30. Had the defendant proffered sufficient facts to support his undeveloped anger or jealousy theory, the circuit court could have found the prior sexual relationship to be material for purposes of Wis. Stat. § 971.31(11). However, in the absence of such a proffer, we conclude that the evidence was properly excluded. Any other result would be contrary to the legislature's purpose in enacting the rape shield statutory framework and would allow defendants to routinely skirt the

requirements of Wis. Stat. § 971.31(11). In this case the materiality requirement in the second *DeSantis* prong was not established and the evidence was properly excluded.

¶ 31. This conclusion is further strengthened by our agreement with the circuit court that even if the defendant had made a proffer comporting with *Milenkovic* and established the materiality of the evidence, he failed to meet the requirements of the third prong of *DeSantis*. Wis. Stat. § 971.31(11) embodies the legislature's distrust of evidence of a victim's prior sexual history by initially weighting the balance in favor of a determination that the evidence is inherently prejudicial. *See* 7 Daniel D. Blinka, *Wisconsin Practice: Evidence*, § 420.4, at 177 (1991). To satisfy the third prong of *DeSantis*, the defendant must convince the circuit court that the probative nature of the evidence outweighs any prejudice to the defendant.

¶ 32. The circuit court determined that the defendant had not met this burden and we agree. The defendant offered no evidence to support his vaguely stated theories that the complainant may have falsely accused him in revenge for his termination of their prior sexual relationship. Accordingly, because the defendant failed to establish that the probative value of the evidence outweighed its inherent prejudice, the circuit court's decision not to admit the evidence was not an erroneous exercise of discretion.

¶ 33. It is true that a circuit court may not deprive a defendant of his constitutional rights through rote application of this state's rules of evidence. *See Davis v. Alaska*, 415 U.S. 308 (1974); *DeSantis*, 155 Wis. 2d at 793. However, because the

defendant has failed to meet the materiality and weight of probative evidence requirements of Wis. Stat. § 971.31(11) and *DeSantis* in this case, the circuit court's actions do not endanger the defendant's constitutional rights to confrontation and to present a defense. The defendant is constitutionally entitled to present only relevant, material, and probative evidence. *See State v. McCall*, 202 Wis. 2d 29, 44, 549 N.W.2d 418 (1996). Accordingly, the defendant's constitutional challenge to the circuit court's refusal to lift the rape shield must fail.

¶ 34. The defendant asserts in the alternative that his defense was also prejudiced by the circuit court's refusal to reconsider its decision barring the sexual history evidence after the State "opened the door" during cross-examination of the defendant at trial. During the defendant's testimony, the following colloquy took place:

> Q. And you're offering here, for the motive for why she wants to do that, the fact that she had some disagreement over finances with you in the home?
>
> A. No, it was more to it than it. It was more issues that could have been brought out into court that I was told I couldn't talk about.
>
> Q. Mr. Jackson, you're suggesting here that this woman just has it in for you, aren't you?
>
> A. Very much so.
>
> Q. And one of the things that you used to support that is this claim that she owed you money, or you owed her money rather, and that is one of her motivations, right?
>
> A. That's what she said.

In a split decision, a majority of the court of appeals panel agreed with the defendant and determined from this chain of questions and responses that the State had "opened the door." ■■

¶ 35. However, as the dissent in the court of appeals decision acknowledged, this is not a case of the State accidentally or purposefully opening the door to take advantage of a particular piece of evidence that had previously been ruled inadmissible, thereby requiring this court to apply the doctrine of curative admissibility. *See Jackson*, 212 Wis. 2d at 218–19 (Brown, J., dissenting); *see also Bertrang v. State*, 50 Wis. 2d 702, 706, 184 N.W.2d 867 (1971). This is a case of the defendant attempting to beat the door down on his own initiative by taking advantage of a question which did nothing more than summarize the theory repeatedly asserted by the defense that the complainant was acting vindictively over a financial dispute. To declare the State's question in this case sufficient to open the door would effectively prohibit the State from revisiting the defendant's earlier testimony in any way. Consequently, we determine that the circuit court properly declined to reconsider its decision barring sexual history evidence.

## II. Admission of the Defendant's Letters to Impeach Witness

¶ 36. Finally, the defendant also attacks the State's use of certain letters written by the defendant to his girlfriend. The State first attempted to use the letters in its cross-examination of the girlfriend to establish the use of particular words by the defendant. The circuit court allowed their use for that purpose. The State then attempted to use language from the

letters to impeach the girlfriend's credibility by showing she was lying out of fear of the defendant. The circuit court sustained the defendant's objection and barred the evidence.

¶ 37. Later, during the cross-examination of the sister, the sister referenced one of the letters on her own initiative, characterized statements therein as harmless, and indicated that the defendant was just "fooling around." The circuit court then allowed the State to enter five excerpts from that letter for the purposes of impeaching the sister. The statements included: (i) "I've got to wax your ass;" (ii) "Don't make me pull your eyeball out of your head;" (iii) "I'm beating your ass, too;" (iv) "[D]on't make me break on your ass;" (v) "I'm going to cut off your God dam [sic] arm and beat you to death with it."

¶ 38. The State also attempted to use the excerpts in its cross-examination of the defendant. The circuit court barred the testimony as inherently prejudicial. Finally, the State referenced the previously listed statements three times in its closing arguments, apparently to show a character trait of the defendant.

¶ 39. We note first that the defendant explicitly concedes the appropriateness of the circuit court's admission of the letters to prove the defendant's common choice of words. While the record is ambiguous, the circuit court apparently allowed the State to reference the threatening statements to either show that the sister was biased toward the defendant, or to impeach the sister's testimony that the letters were nonthreatening. Even assuming that the excerpts could have been admitted with proper evidentiary license, the circuit court should have also considered the prejudicial nature of the excerpts and weighed that

prejudice in the balance with the probative nature of the evidence.

¶ 40. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." Wis. Stat. § 904.03. "Evidence is prejudicial if it has a tendency to influence the outcome by improper means or if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise causes a jury to base its decision on something other than the established propositions in the case." *Gonzalez v. City of Franklin*, 137 Wis. 2d 109, 138, 403 N.W.2d 747 (1987)(quoting *Lease America Corp. v. Ins. Co. of North America*, 88 Wis. 2d 395, 401, 276 N.W.2d 767 (1979) (internal quotation marks omitted)).

¶ 41. We agree with the conclusion of the court of appeals that admission of excerpts of the letters and reference to those excerpts in closing arguments were unfairly prejudicial to the defendant. Even if the excerpts were probative of the State's attack on the sister's credibility or the accuracy of her description of the defendant, the excerpts conveyed an underlying message about the character of the defendant that a jury would find hard to ignore. Character evidence is generally barred at trial because it tends to show that a person acted in conformity with a particular characteristic, or that the person suffers from a propensity to engage in a specific pattern of conduct—proof that is generally irrelevant to the issue of whether the defendant committed a crime in this case. *See State v. Evers*, 139 Wis. 2d 424, 431, 407 N.W.2d 256 (1987); *State v.*

*Balistreri*, 106 Wis. 2d 741, 757, 317 N.W.2d 493 (1982).[9]

¶ 42. As the State acknowledged at oral arguments, the excerpts were inflammatory. Any probative value incumbent in the excerpts was outweighed by the threat of the defendant's vitriolic assertions being misused by the jury. The circuit court should have ruled the hostile excerpts from the letters inadmissible under Wis. Stat. § 904.03.

¶ 43. Having determined that the circuit court did err in allowing the State to cross-examine the sister about the threats contained in the excerpts of the defendant's letter, we must next consider whether that error was harmless. Under *State v. Dyess*, the test for harmless error is "whether there is a reasonable possibility that the error contributed to the conviction." *Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985). If that question is answered in the affirmative, the defendant's conviction must be reversed. *See id.*

¶ 44. Based on the substantial amount of physical evidence corroborating the allegations of the complainant, we determine that the circuit court's error in admitting the evidence was harmless. While the defendant acknowledges that he had an altercation with the complainant, he denies the allegations of sexual assault, denies that the dispute ever reached the basement of the home, denies that he threatened the complainant with a knife, and denies that the complainant received any injuries beyond a scratch to the face.

---

[9] Such evidence may, however, be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Wis. Stat. § 904.04(2).

¶ 45. Yet, photographs of the complainant taken by the police after the incident demonstrate injuries, including a long cut to the complainant's hand, which are consistent with her allegations that the parties struggled over a knife brandished by the defendant. The subsequent discovery of the knife with which the wound was allegedly inflicted, a knife that the defendant acknowledges owning, also supports the complainant's version of events.

¶ 46. Moreover, the police discovered bloodstains in the basement of the home, the location of the alleged attempted sexual assault of the complainant by the defendant. Other physical evidence, such as the stained and torn condition of the clothing the complainant was wearing on the night of the attack, the discovery of a $20 bill which the defendant allegedly left the complainant after taking the rest of her money, and the disarray of specific household goods disturbed by the complainant's attempts to escape, also support the complainant's allegations over the defendant's denials.

¶ 47. We also find convincing the complainant's initial refusal to identify her attacker when the police arrived. Only after the police had searched her entire home and assured her that no one else was present did the complainant identify the defendant as her assailant. Such reticence is consistent with a fear of additional attacks and inconsistent with the defendant's proffered theory that the complainant purposefully attempted to set him up.

III. Conclusion

¶ 48. We conclude that the defendant neither offered sufficient facts to warrant an inference by the

circuit court that evidence of a prior sexual relationship with the complainant was material, nor established that such evidence was more probative than prejudicial. Thus, the rape shield could not be lifted. Because we also determine that the State did not open the door to such evidence, the circuit court did not erroneously exercise its discretion in barring the testimony. Finally, while the circuit court did not properly exercise its discretion in admitting excerpts of the defendant's letters, such error was harmless. Accordingly, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.