STATE of Wisconsin EX REL. Nathaniel Allen
LINDELL, Petitioner-Appellant,

v.

Jon E. LITSCHER, Gerald Berge and Laurie Voigt,
Respondents-Respondents.

Court of Appeals

*No. 03–2477. Submitted on briefs August 5, 2004.—Decided
February 17, 2005.*

2005 WI App 39

(Also reported in 694 N.W.2d 396.)

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Nathaniel A. Lindell, pro se.*

On behalf of the respondents-respondents, the cause was submitted on the brief of *Karla Z. Keckhaver*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Deininger, P.J., Dykman and Vergeront, JJ.

¶ 1. DEININGER, P.J. Nathaniel Lindell appeals an order that (1) dismissed his mandamus action; (2) denied him leave to amend his mandamus petition to seek additional relief; and (3) declared the instant action a "strike" under Wis. Stat. § 801.02(7) (2003–04).[1] Lindell claims the circuit court erred in each of these actions and by failing to impose sanctions against respondents' counsel for submitting an allegedly frivolous objection to his proposed amended complaint.

¶ 2. We conclude that the court did not err in dismissing the mandamus action because it became moot when Department of Corrections (DOC) officials took the actions Lindell demanded shortly after the action was filed. We also conclude that the circuit court correctly interpreted the Wisconsin Prisoner Litigation Reform Act (WPLRA) as permitting it to deny Lindell leave to amend his initial pleading, and further, that the

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

163

court did not err in denying leave. We conclude, however, that the dismissal of Lindell's mandamus action should not be declared a "strike" because Lindell's petition had arguable merit when he filed it. Finally, we deny Lindell's request that we direct the circuit court to sanction respondents' counsel. Accordingly, we modify the appealed order to delete the declaration that the dismissal constitutes a strike under Wis. Stat. § 801.02(7)(d). We affirm the order as modified.

## BACKGROUND

¶ 3. Nathaniel Lindell is a prison inmate and the respondents are officials or employees of the DOC. When the La Crosse County circuit court sentenced Lindell in 1998, the court determined that no restitution would be ordered in his case, but it later mistakenly signed an order obligating Lindell to pay over $100,000 in restitution. Respondent Voigt forwarded the restitution order to the prison where Lindell was incarcerated, asking that payments toward restitution be deducted from his prison account. Payments totaling $12.26 were deducted from Lindell's account in 2000 and 2001 before he was transferred to another prison, where, for reasons not apparent in the record, no further deductions for restitution were made from Lindell's account.

¶ 4. Meanwhile, after the sentencing court became aware of the erroneously issued restitution order, it issued an amended order on January 29, 2002, which extinguished Lindell's restitution obligation. This fact was not communicated to prison officials, however. Lindell submitted a petition for a writ of mandamus to the Dane County circuit court in October 2002.[2] After

_____

[2] Lindell's petition is captioned "Petition for Mandamus /Prohibition, Replevin, with Pendant Claims under 42 U.S.C.

several exchanges of correspondence between the court and Lindell, the court accepted Lindell's petition for filing without the prepayment of filing fees on March 28, 2003. In an order entered the same day, the court directed the respondents to inform the court within forty-five days "as to why an order should not be issued prohibiting prison officials from withdrawing funds from [Lindell]'s account for restitution and ordering reimbursement of funds wrongfully withdrawn from petitioner's account."

¶ 5. Shortly after a response to Lindell's mandamus petition was ordered, Lindell provided the prison business office documentation verifying that the La Crosse County circuit court had rescinded its order for restitution. Business office personnel then deactivated Lindell's restitution obligation and payments. On May 6, 2003, the DOC restored the previously deducted $12.26 to Lindell's account. Lindell then filed a "Second Amended Complaint Under 42 U.S.C. § 1983 with Pendant Petition for Mandamus/Prohibition, Replevin and Declaratory Judgement Claims." This document, filed on May 15, 2003, sought the following relief: a writ of mandamus requiring respondents "to comply with their legal duties" and a writ of prohibition prohibiting them "from continuing their illegal taking of money from Lindell"; a declaration that respondents have violated

§ 1983." The petition, however, does not plead a claim under § 1983. The only relief specifically sought in the body of the petition is the issuance of an "Injunction/Writ of Prohibition" and the reimbursement of "all monies lost based on the above-noted restitution order," plus the costs of bringing the action. There are also references early in the record to a request by Lindell for a John Doe proceeding, which request the court denied at the time it ordered a response to the petition. Lindell does not challenge that denial in this appeal.

Lindell's rights and certain laws "by their . . . deliberate omissions"; and compensatory and punitive damages for these violations, together with the costs of pursuing the action.

¶ 6. The respondents responded to the original mandamus petition, citing the facts noted above, and they objected to Lindell's proposed amended complaint. The circuit court determined that, because Lindell is a prisoner, his proposed amended complaint was subject to the WPLRA requirement that the circuit court screen all initial pleadings to determine if they present arguably meritorious claims. *See* Wis. Stat. § 802.05(3). The court proceeded to consider both the merits of the mandamus petition and whether the amended complaint should be permitted. The court ultimately dismissed the mandamus action and denied Lindell's motion to amend his pleadings, determining that his new claims were without arguable merit. Finally, the court declared the dismissal of the action to be a "strike" for purposes of Wis. Stat. § 801.02(7)(d). Lindell appeals.

## ANALYSIS

### *Mandamus*

¶ 7. Lindell first argues that the circuit court erred in dismissing his mandamus action. We review the court's decision to issue or deny a writ of mandamus for an erroneous exercise of discretion. *Morrissette v. DeZonia*, 63 Wis. 2d 429, 434, 217 N.W.2d 377 (1974). We will affirm a circuit court's exercise of discretion "if the record shows that the court correctly applied the legal standards to the facts and reached a reasoned conclusion." *State v. Nawrocke*, 193 Wis. 2d 373, 381, 534 N.W.2d 624 (Ct. App. 1995).

¶ 8. We conclude that the circuit court did not err in dismissing Lindell's mandamus action. We first note that a petitioner requesting a writ of mandamus must demonstrate that the respondents have failed to fulfill a positive and plain duty. *Pasko v. City of Milwaukee*, 2002 WI 33, ¶ 24, 252 Wis. 2d 1, 643 N.W.2d 72. Until the sentencing court issued its revised restitution order and prison officials received verification of that fact, they had no positive and plain duty to cease withholding money from Lindell's account or to refund the money they had deducted. More important, however, is the fact that, by the time the respondents responded to and the court considered the merits of Lindell's mandamus petition, the DOC had ceased deducting money from Lindell's prison account and had refunded him the $12.26 initially deducted. These developments rendered moot the relief Lindell sought in his initial petition (see footnote 2). *See State ex rel. Renner v. DHSS, Correctional Div.*, 71 Wis. 2d 112, 116, 237 N.W.2d 699 (1976) (holding that a cause of action becomes moot when the petitioner receives the requested relief).

*The Proposed Amended Complaint and the WPLRA*

¶ 9. Lindell next argues that the circuit court erred in subjecting his proposed amended complaint to the requirements of WIS. STAT. § 802.05(3). That section provides as follows:

(3)(a) A court shall review the initial pleading as soon as practicable after the action or special proceeding is filed with the court if the action or special proceeding is commenced by a prisoner, as defined in s. 801.02 (7)(a) 2.

(b) The court may dismiss the action or special proceeding under par. (a) without requiring the defendant to

answer the pleading if the court determines that the action or special proceeding meets any of the following conditions:

1. Is frivolous, as determined under s. 814.025 (3).

2. Is used for any improper purpose, such as to harass, to cause unnecessary delay or to needlessly increase the cost of litigation.

3. Seeks monetary damages from a defendant who is immune from such relief.

4. Fails to state a claim upon which relief may be granted.

Lindell points out that the statute applies to only an "initial pleading." He relies on Wis. Stat. § 802.09(1) ("A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order ....") to argue that he should have been permitted to file his amended complaint without judicial scrutiny.

¶ 10. Our resolution of this issue requires that we interpret the above-cited statutes. A question of law is thus presented, which we decide de novo. *See State v. Setagord,* 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). We begin with the language of the statute, and if that yields a plain meaning, we apply that meaning. *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation, but as part of a whole, in relation to the language of surrounding or closely related statutes, and reasonably to avoid absurd or

168

unreasonable results. *Id.* We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48.

¶ 11. The dispositive question is, when a "prisoner"[3] attempts to amend his or her "initial pleading" within six months of filing an action, which statute governs—WIS. STAT. § 802.05(3), which subjects all initial pleadings by a prisoner to judicial scrutiny and, potentially, to peremptory, sua sponte dismissal; or WIS. STAT. § 802.09(1), which permits a "party" to amend a "party's pleading once as a matter of course"? We conclude that it is the former that controls, and our conclusion derives from the language of the statutes at issue and closely related statutes, the purpose of the WPLRA as derived from its text and structure, and the requirement that we read statutory language reasonably to avoid absurd or unreasonable results. *See Kalal*, 271 Wis. 2d 633, ¶¶ 46, 48–49. Put another way, because the proper interpretation may be ascertained from the text, structure and context of the statutes themselves, we need not (and may not) consult extrinsic sources to determine the legislature's intent, except perhaps to confirm our understanding derived from the statutory language itself. *See id.*, ¶ 51.

¶ 12. We note first that the amendment provisions of WIS. STAT. § 802.09 apply generally to "part[ies]" to civil proceedings and to their unspecified "pleading[s]." The judicial prescreening requirement under WIS. STAT. § 802.05(3), however, relates specifically to

---

[3] "Prisoner" is defined, for purposes of the WPLRA, as "any person who is incarcerated, imprisoned or otherwise detained in a correctional institution or who is arrested or otherwise detained by a law enforcement officer." WIS. STAT. § 801.02(7)(a)2. Lindell does not dispute that he is a "prisoner."

the "initial pleading" of a "prisoner." The language chosen by the legislature in § 802.05(3) evinces its intent that, unlike the initial pleadings that other plaintiffs or petitioners may file to commence actions and define their scope, a prisoner's complaint or petition is subject to judicial scrutiny and possible summary dismissal. *See* § 802.05(3)(b); *see also State ex rel. Schatz v. McCaughtry*, 2003 WI 80, 263 Wis. 2d 83, 664 N.W.2d 596. Not only is it reasonable to read the more specific language governing prisoners' initial pleadings as overriding the provisions of § 802.09 dealing with the amendment of pleadings in general, *see Gottsacker Real Estate Co., Inc. v. DOT, Div. of Highways*, 121 Wis. 2d 264, 269, 359 N.W.2d 164 (Ct. App. 1984), but a contrary conclusion would also lead to an unreasonable result. *See Kalal*, 271 Wis. 2d 633, ¶ 46.

¶ 13. The WPLRA imposes special restraints and requirements on prisoners' initial pleadings that do not apply to pleadings filed by other plaintiffs. For example, in addition to the preliminary judicial screening of an initial pleading for arguable merit, a prisoner's complaint or petition must be accompanied by "documentation showing that he or she has exhausted all available administrative remedies." Wis. Stat. § 801.02(7)(c). If a prisoner accumulates three dismissals for unjustified or frivolous litigation ("strikes") under Wis. Stat. § 801.02(3)(b), that prisoner may not file a subsequent action without full prepayment of the filing fee, despite the prisoner's indigent status, unless a court determines "that the prisoner is in imminent danger of serious physical injury." Wis. Stat. § 801.02(7)(d).

¶ 14. The text of these closely related statutes plainly demonstrates a legislative purpose to treat prisoners' initial pleadings differently, subjecting them to requirements and potential sanctions not faced by

170

other plaintiffs and petitioners. If prisoners were allowed to freely amend their petitions or complaints within six months of filing them, as Lindell contends, they would be able to completely circumvent the legislatively mandated judicial screening requirement. A prisoner would need only to allege an arguably meritorious claim, as Lindell did here, and once the action was permitted to continue, he or she could file an amended initial pleading containing all manner of frivolous or improperly pled claims.

¶ 15. The textually manifest purpose of the cited provisions and others in the WPLRA is to reduce the amount of frivolous prisoner lawsuits and to limit "prisoner litigation at taxpayers' expense." *See State ex rel. Cramer v. Court of Appeals*, 2000 WI 86, ¶¶ 38–40, 236 Wis. 2d 473, 613 N.W.2d 39. The supreme court has specifically explained the purpose of the judicial screening requirement under WIS. STAT. § 802.05(3):

> The [W]PLRA was designed to address the costly problems caused by excessive or otherwise inappropriate prisoner-initiated litigation. The objectives of the [W]PLRA include enhancing judicial economy, protecting defendants from needlessly expending resources to defend this type of litigation, and reducing the taxpayer expense associated with such litigation . . . .
>
> The initial pleading review procedure advances these objectives by permitting circuit courts to dispose of a prisoner lawsuit at the initial pleading stage of the suit if the circuit court determines that the lawsuit is frivolous, is being used for an improper purpose, seeks monetary damages from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted.

*Schatz*, 263 Wis. 2d 83, ¶¶ 15–16 (citation omitted). Permitting a prisoner to amend his or her initial

pleading "as a matter of course" would plainly contravene these legislative objectives, producing an unreasonable result.

¶ 16. We thus conclude that, in order to avoid the unreasonable result of permitting prisoners to easily avoid the judicial screening requirement that is central to the purpose of the WPLRA, prisoners may *not* amend their initial pleadings "as a matter of course" within six months of filing, notwithstanding the provisions of Wis. Stat. § 802.09(1). Rather, a prisoner's proposed amendment of his or her initial pleading is subject to the judicial screening requirement of Wis. Stat. § 802.05(3), and a court must review the proposed amended pleading in accordance with that subsection before granting the prisoner leave to amend. If the court concludes that the proposed amended pleading meets any of the conditions set forth in § 802.05(3)(b), leave to amend must be denied.

¶ 17. Accordingly, the circuit court did not err in subjecting Lindell's proposed amended complaint to judicial scrutiny under Wis. Stat. § 802.05(3). We must next determine whether it also correctly concluded that the proposed amended complaint suffered from one or more of the infirmities described in § 802.05(3)(b), and for that reason, denied leave to amend. We conclude the court did not err in doing so.

¶ 18. Lindell's proposed amended complaint recites the basic facts of the DOC's allegedly wrongful withdrawal of money from his prison account and restates his demands for the return of the sum deducted and for an order directing DOC officials to refrain from deducting restitution payments in the future. The balance of the thirteen-page, seventy-two-

172

paragraph pleading weaves these basic facts into various claims that the respondents violated numerous criminal statutes, deprived him of several constitutional rights and deliberately denied him redress of his legitimate grievance.[4]

¶ 19. As we have noted, however, the proposed amended complaint was filed on May 15, 2003, and by then, the DOC had terminated the restitution deductions and refunded the $12.26 it previously deducted from Lindell's account. We note further that the administrative remedy exhaustion documentation that Lindell submitted with his initial petition shows that Lindell's inmate complaints regarding the wrongful restitution deductions were denied in October 2000 and January 2002. Both denials occurred before the La Crosse County circuit court had issued its January 29, 2002, corrected restitution order. The Institution Complaint Examiner's Report of October 4, 2000, includes the following summary and advice to Lindell:

> It is clear from the documents provided that the Business Office received documentation that this inmate owed $117,594.16 for restitution in case 97 CF 140. It is equally clear that this inmate believes that restitution

---

[4] For example, Lindell alleges that respondent Voigt, a DOC probation and parole agent, not only lacked legal authority to forward the La Crosse County circuit court's initial (erroneous) restitution order to the prison business office, but that she did so "with malice" because, in concert with the La Crosse County District Attorney, her action was intended to discourage Lindell from appealing his conviction or to retaliate against him for doing so. As to respondents Litscher, then secretary of the DOC, and Berge, a prison warden, Lindell alleges they had a duty to prevent his rights from being violated, were ultimately responsible for the actions of DOC employees they supervised, and directly denied him due process by not granting him redress on his inmate complaints regarding the restitution deductions.

173

was not ordered. Several staff members ... have responded to this inmate and indicated that he has not supplied any evidence to verify that he does not owe the money. It appears this inmate's argument is with the court that ordered the restitution and that he should take this matter up with that court.

Staff at WCI are acting appropriately when deducting for this restitution and are in compliance with the documentation they have been supplied.

Thus, it is clear from the record that Lindell was informed over two years before the filing of his proposed amended complaint that the DOC was deducting restitution pursuant to an order from the La Crosse County circuit court, and that, if the order was erroneous, it was his responsibility to obtain a corrected court order and provide proof of it to the prison business office.

¶ 20. We concur, therefore, with the circuit court's observations when it denied Lindell leave to amend his initial pleading:

[Any harm suffered by Lindell] was <u>not</u> caused by these respondents. It was created by an erroneous Circuit Court order which has since been corrected .... Objections as to respondents['] actions to [the erroneous order] do not constitute any basis for a lawsuit since they were simply following the sentencing Court Orders as they received them. They could not independently determine the propriety of the restitution Order, and they could not reverse the dictates of the original Order absent receipt of a corrective Order ....

Not only should [Lindell] be precluded from amending his pleadings so as to expand this lawsuit, he also should be grateful that he is not being forced to defend against a frivolous action claim. Lawsuits such as this one were the impetus behind the enactment of statutory restrictions placed on inmate litigation.

174

In short, because, at a minimum, Lindell's proposed amended complaint would have "needlessly increase[d] the cost of litigation," WIS. STAT. § 802.05(3)(b)4., and was, moreover, arguably frivolous, § 802.05(3)(b)1., the circuit court did not err in denying Lindell leave to amend.

*Strike under WIS. STAT. § 801.02(7)(d)*

¶ 21. Lindell argues that the circuit court erred in declaring the dismissal of his mandamus action a "strike" for purposes of WIS. STAT. § 801.02(7)(d), which provides as follows:

> If the prisoner seeks leave to proceed without giving security for costs or without the payment of any service or fee under s. 814.29, the court shall dismiss any action or special proceeding, including a petition for a common law writ of certiorari, commenced by any prisoner *if that prisoner has,* on 3 or more prior occasions, while he or she was incarcerated, imprisoned, confined or detained in a jail or prison, *brought an* appeal, writ of error, *action* or special proceeding, including a petition for a common law writ of certiorari, *that was dismissed by a state or federal court for any of the reasons listed in s. 802.05(3)(b)1. to 4.* The court may permit a prisoner to commence the action or special proceeding, notwithstanding this paragraph, if the court determines that the prisoner is in imminent danger of serious physical injury.

(Emphasis added.) We agree with Lindell that the circuit court should not have declared its dismissal of the mandamus action a strike.

¶ 22. We have concluded that Lindell's proposed amended complaint met one or more of the conditions specified in WIS. STAT. § 802.05(3)(b), and thus, had it

been filed as his initial pleading and dismissed under that subsection, the circuit court would have been correct in declaring the instant action a "strike" under Wis. Stat. § 801.02(7)(d). The proposed amended complaint, however, is not the focus of our present inquiry. Rather, we consider the reason for the dismissal of Lindell's original mandamus petition. Because we affirm the dismissal of Lindell's initial mandamus petition for mootness, which is a reason other than those set forth in § 802.05(3)(b), we conclude that the circuit court erred in declaring the dismissal of this action a strike.

¶ 23. In order to determine whether Lindell's mandamus petition was subject to dismissal for "any of the reasons listed in s. 802.05(3)(b)1. to 4.," thus qualifying this action as a strike under Wis. Stat. § 801.02(7)(d), we review the circumstances as they existed at the time Lindell filed his original petition. When Lindell first submitted his mandamus petition, the circuit court notified him by letter dated October 22, 2002, that the petition did not appear to "present a valid claim for a writ of mandamus" because Lindell's petition did not demonstrate that the respondents had a plain and positive duty to ensure the correctness of the La Crosse County circuit court's initial restitution order. Lindell was given thirty days to respond with additional information demonstrating why his action should not be dismissed. After reviewing Lindell's response, the Dane County Prisoner Litigation staff attorney informed Lindell that the court

> still does not believe you have stated a potentially meritorious writ of mandamus claim . . . because it is simply not the respondents' duty to verify the validity of the restitution order. They merely receive and process the paperwork they receive. If the order is truly improper, you must seek relief from La Crosse County.

176

Lindell was given an additional thirty days to submit additional information.

¶ 24. He then submitted an excerpt from the State's brief in his criminal appeal, where Lindell had complained, among other things, about the erroneous restitution order. The State's brief said this about the issue:

> In his brief to [the court of appeals], Lindell argues that the trial court should have vacated the restitution order which was mistakenly placed in his record . . . . Both the trial court judge and the district attorney agreed that there should have been no order of restitution in Lindell's case . . . . The confusion apparently arose because his brother Joshua's case did have an order of restitution on a joint and several basis. Lindell's complaint is that the institution has apparently not removed the restitution order from his file. It appears that the problem lies with the Department of Corrections, not the court or district attorney. In any event, there is no order of restitution in Lindell's case and the issue cannot be considered, and any error corrected, in this § 974.06 action.

The quoted brief is dated September 4, 2002, and Lindell submitted a copy of it to the Dane County circuit court on December 9, 2002, in order to establish that the La Crosse County circuit court had corrected the erroneous restitution order and that the State had essentially directed him to seek relief from the DOC.[5]

---

[5] On January 23, 2003, the La Crosse County District Attorney faxed a letter to the Dane County circuit court confirming the entry of an amended restitution order on January 29, 2002, that had "set[] restitution at zero." The district attorney also indicated that "the Court records since January 29, 2002, should reflect that Mr. Lindell does not owe restitution." He further noted that the criminal case record was

¶ 25. On the basis of Lindell's submissions, the circuit court concluded that Lindell had stated a prima facie claim for mandamus relief. The court directed the respondents to inform the court why it should not grant Lindell his requested relief. In response to the court's order, the respondents submitted several affidavits with attached copies of various documents. These submissions show that the business office at the prison where Lindell was housed did not receive a copy of the revised restitution order entered in La Crosse County, or any other form of verification that the original restitution order had been rescinded or modified, until Lindell contacted the business office in late March of 2003 and provided a copy of this court's decision in *State v. Nathaniel A. Lindell*, No. 02–1158–CR, unpublished slip op. (Wis. App. Mar. 13, 2003). We noted in that decision that the original restitution order "had been entered in error, but had already been voided. Therefore, it was not necessary for the [La Crosse County] trial court to take any further action to remedy the situation; it remained only for the DOC to update its files." *Id.*, ¶ 4. Upon receiving a copy of our opinion from Lindell, business office personnel "inactivated" Lindell's restitution obligation on April 4, 2003, and subsequently refunded $12.26 to his account.

¶ 26. Thus, although Lindell's mandamus action became moot within days of its filing, his allegation that prison officials had a plain legal duty to cease withholding restitution payments from his prison account and to refund the amount previously deducted was arguably meritorious at the time his petition was accepted for filing on March 28, 2003. One could well argue that, instead of resorting to a mandamus action to compel

in this court pursuant to Lindell's criminal appeal and that the original of the revised restitution order could be located there.

DOC officials to act, Lindell could have and should have, months earlier, directed his efforts toward obtaining and submitting to the prison business office a copy of the revised restitution order from La Crosse County. That arguably more reasonable alternative, however, does not, in our view, deprive his initial mandamus petition of arguable merit.

¶ 27. In sum, when the Dane County circuit court ordered a response to Lindell's petition, it had concluded that Lindell's petition stated a claim and possessed arguable merit. Our review persuades us of the same thing. The facts that (1) the petition very quickly became moot, and (2) Lindell thereafter unsuccessfully attempted to amend his initial pleading to include a number of spurious and unsupportable claims, do not alter the fact that Lindell's original mandamus petition was *not* "dismissed by a state or federal court for any of the reasons listed in s. 802.05(3)(b)1. to 4." WIS. STAT. § 801.02(7)(d). Accordingly, the dismissal of this action does not qualify as a "strike" under § 801.02(7)(d), and the circuit court erred in so declaring.

*Request for Sanctions Against Respondents' Counsel*

¶ 28. Finally, Lindell asserts that the circuit court erred in not sanctioning the respondents' counsel under WIS. STAT. §§ 802.05(1)(a) and 814.025 for misrepresenting the law in objecting to his proposed amended complaint. He asks us to conclude that sanctions are called for and to direct the circuit court on remand to impose them. We reject Lindell's claim. Although we have not embraced all of the arguments counsel for the respondents advanced, both here and in the circuit court, in opposition to Lindell's attempt to amend his complaint, we have adopted the respondents' position

that, in actions commenced by prisoners, WIS. STAT. § 802.09(1) must give way to § 802.05(3). Accordingly, the respondents' objection to Lindell's proposed amendment was well founded and there is no basis for sanctions to be imposed against them or their counsel under either §§ 802.05(1)(a) or 814.025.

## CONCLUSION

¶ 29. For the reasons discussed above, we direct that the appealed order (filed August 4, 2003) be modified to delete the sentence reading, "It will count as a strike on petitioner's litigation record."[6] We affirm the order as so modified.

*By the Court.*—Order modified and, as modified, affirmed.

[6] The record also contains a form "Dismissal Order (Prisoner Litigation) Under 801.02(7)(d)" that the circuit court signed on August 7, 2003. This document does not appear to have been "filed" by the clerk of circuit court, and it is not cited in Lindell's Notice of Appeal as the order being appealed. The form order has boxes checked indicating that the "matter fails to state a claim upon which relief may be granted" on the basis of "see decision," and states that "[t]his dismissal constitutes a single dismissal within the meaning of § 801.02(7)(d), Wisconsin Statutes." A copy of the court's Decision and Order, filed August 4, 2003, which is the subject of this appeal, is attached to the form. The form also indicates that a copy of it was to be sent to the Department of Justice Civil Litigation Unit. We direct that, on remand, this form order be vacated and that counsel for respondents shall take the necessary steps to correct the Department of Justice prisoner litigation records to reflect that the instant dismissal is *not* to be counted as a strike under § 801.02(7)(d).