COURT OF APPEALS
DECISION
DATED AND FILED

**August 9, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP45**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CV6870

**IN COURT OF APPEALS
DISTRICT I**

MARTIN HYING,

   PETITIONER-APPELLANT,

 V.

JOHN BARRETT, CLERK, MILWAUKEE COUNTY CIRCUIT COURT,

   RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: CHRISTOPHER R. FOLEY, Judge. *Affirmed and cause remanded with directions.*

¶1  BRASH, C.J.[1]  Martin Hying, *pro se*, appeals an order of the circuit court dismissing his action for a writ of mandamus. Hying filed this action on

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(g) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

November 8, 2021, claiming that John Barrett, then the Clerk of Circuit Court for Milwaukee County, had not responded to his open records request pertaining to Milwaukee Co. Case no. 2006FA6891—Hying's divorce case.

¶2       The circuit court found that Barrett had provided to Hying the information he requested on November 16, 2021,[2] which rendered the action moot. It therefore dismissed Hying's action.  Upon review, we affirm.

¶3       Furthermore, we agree with Barrett that Hying's appeal of this matter is wholly without merit and frivolous.  We therefore award Barrett costs and fees for this matter, as provided in WIS. STAT. § 809.25(3)(a).

### BACKGROUND

¶4       As noted above, Hying's open records request, which he submitted to Barrett in September 2021, related to his divorce case.  Hying was divorced in November 2007, and since then he has engaged in relentless post-divorce litigation in the form of numerous appeals and writs.  *See Niemi v. Hying*, No. 2019AP1433, unpublished slip op. ¶2 & n.1, (WI App Mar. 30, 2021).  Four of those appeals we deemed to be frivolous.  *See id.*, ¶¶1, 2 & n.1.  In fact, in his most recent appeal, which we concluded was "entirely frivolous," Hying was sanctioned with an order to pay his ex-wife's costs, fees, and attorney's fees in that matter, pursuant to WIS. STAT. § 809.25(3).  *See id.*, ¶18.  We observed that previous sanctions imposed on him had been "unsuccessful in accomplishing

---

[2] We note that the circuit court's decision in this matter, as well as a letter submitted to the circuit court by Milwaukee County Corporation Counsel regarding the response to Hying's open records request provided by Barrett's office, reference the date of that response as being November 17, 2021; however, the actual response letter sent by Barrett's office to Hying—which is also included in the record—is dated November 16, 2021.

deterrence" and, as such, we deemed those latest sanctions to be "all the more necessary to ensure that he compensates opposing parties for the needless burden" he had imposed on them. *See id.* We further ordered a limitation on Hying's access to this court until he provided confirmation from the circuit court that he had paid the fees he owed to the guardian ad litem in his divorce case, as ordered by the circuit court. *See id.*, ¶19.

¶5 Hying has now apparently redirected his serial litigation efforts to court staff. In his open records request of September 2021, made to Barrett in his capacity as Clerk of Circuit Court, Hying sought the identity of the individual court staff members who made certain entries to the CCAP[3] record for his divorce case relating to various documents filed in 2020 and 2021. Hying then filed a petition for writ of mandamus on November 8, 2021, claiming that although Barrett's office had acknowledged receipt of his request, it had not provided the information in a timely manner. Hying also sought damages in the amount of $14,663.79, for the "unexplainable delays caused by the courts [sic] stonewalling of this response and failure to timely address the request[.]"

¶6 The circuit court issued an alternative writ of mandamus on December 2, 2021, directing Barret's office to either provide Hying with the information, or "show cause and explain" that a response to Hying's request was either "not require[d] or impossible." Milwaukee County Corporation Counsel, on behalf of Barrett, filed a letter with the circuit court on December 21, 2021,

---

[3] CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs; the online website reflects information entered by court staff. *See Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522. We may take judicial notice of CCAP records pursuant to WIS. STAT. § 902.01. *See Kirk*, 346 Wis. 2d 635, ¶5 n.1.

informing the court that Barrett's office had responded to Hying's request in a letter dated November 16, 2021. The letter from Corporation Counsel noted that Hying had not effected service of the alternative writ, as ordered by the court. Furthermore, it observed that Hying's request was actually for information, as opposed to public records. However, Corporation Counsel confirmed that Barrett's office had nevertheless provided Hying with the information he sought.

¶7  The circuit court agreed that Barrett's office had fulfilled Hying's request, and thus his mandamus action was rendered moot. The court therefore dismissed Hying's petition for a writ of mandamus, as well as the alternative writ that it had issued.[4]  This appeal follows.

## DISCUSSION

¶8  A petition for a writ of mandamus is "the proper means to challenge a governmental agency's failure to comply with the requirements of Wisconsin's open records law." *State ex rel. Greer v. Stahowiak*, 2005 WI App 219, ¶7, 287 Wis. 2d 795, 706 N.W.2d 161. This court reviews the circuit court's decision regarding a petition for a writ of mandamus under the erroneous exercise of discretion standard. *Watton v. Hegerty*, 2008 WI 74, ¶6, 311 Wis. 2d 52, 751 N.W.2d 369. "We will not find an erroneous exercise of discretion where the

---

[4] We note that after his mandamus action was dismissed, Hying filed a "Motion to Correct the Record" with the circuit court on January 18, 2022. Hying argues that the circuit court improperly "avoid[ed] adjudicating" his motion and "prematurely transferr[ed]" the record to this court, contrary to WIS. STAT. RULE 809.15(4)(c). However, according to the CCAP record for the mandamus action, Milwaukee Co. Case no. 2021CV6870, the circuit court filed a decision denying Hying's motion on January 24, 2022—the same day the record was transmitted to this court—although that decision is not included in the record before us.

4

circuit court applies the facts of record to accepted legal standards." ***State v. Jackson***, 216 Wis. 2d 646, 655, 575 N.W.2d 475 (1998).

¶9    "[A] petitioner requesting a writ of mandamus must demonstrate that the respondents have failed to fulfill a positive and plain duty." ***State ex rel. Lindell v. Litscher***, 2005 WI App 39, ¶8, 280 Wis. 2d 159, 694 N.W.2d 396.  We need not discuss whether the information Hying requested met the statutory definition of a "record," *see* WIS. STAT. § 19.32(2), because the record in this case clearly demonstrates that Barrett's office responded to Hying's request for information, providing the names of the deputy court clerks who made the CCAP entries for the filings about which Hying had inquired.  This information was provided approximately one week after Hying filed his mandamus action. Therefore, Hying has not demonstrated that Barrett failed to fulfill any duty of the Clerk's office. *See **Lindell***, 280 Wis. 2d 159, ¶8.  Accordingly, the circuit court was correct in determining that the issue was rendered moot, and properly dismissed the action. ***Jackson***, 216 Wis. 2d at 655.

¶10    In his arguments on appeal, Hying uses the information he requested from Barrett's office as a launching pad for claims of misconduct by Barrett and court staff.  He also asserts other claims of misconduct and improper procedures by the circuit court.  None of his claims are supported by the record, however, nor is there any legal basis for them.  We will not consider arguments raised on appeal that are so completely lacking in merit. *See **Libertarian Party of Wis. v. State***, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996).

¶11    Furthermore, as we noted above, Hying's claims in this matter appear to be an extension of his serial litigation pursuits in his divorce case, several of which we have already deemed to be frivolous.  In fact, the CCAP

record for his divorce case indicates that Hying has not yet paid the fees and costs that were assessed against him as a result of our decision in his previous appeal.

¶12 Barrett contends that this appeal is also frivolous, and seeks an award of costs and fees. To determine that an appeal is frivolous, this court must find that (1) the appeal "was filed, used or continued in bad faith, solely for purposes of harassing … another"; or (2) the party filing the appeal "knew, or should have known, that the appeal … was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." WIS. STAT. § 809.25(3)(c).

¶13 Hying pursued an appeal in this matter even after he was provided with the information he requested from Barrett's office. He then proceeded to make unsubstantiated accusations against Barrett, the circuit court, and court staff that have no basis in law. In short, Hying's arguments on appeal are completely meritless and, as an "experienced *pro se* litigator" who has previously been sanctioned for frivolous appeals, he should have known they were meritless. *See Niemi*, No. 2019AP1433, unpublished slip op. ¶18.

¶14 "To award costs and attorney fees, an appellate court must conclude that the entire appeal is frivolous." ***Howell v. Denomie***, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. We conclude that Hying's appeal is indeed entirely frivolous.

¶15 Therefore, we affirm the circuit court's order dismissing Hying's petition for writ of mandamus and its order issuing an alternative writ of mandamus. Furthermore, we remand this matter to the circuit court to determine Barrett's reasonable costs, fees, and attorney's fees incurred in this appeal, and to enter an order requiring Hying to pay those costs, fees, and attorney's fees.

*By the Court.*—Order affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.