COURT OF APPEALS
DECISION
DATED AND FILED

December 17, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1135-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2015CF664**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

THOMAS D. KULHANEK,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Brown County: MARC A. HAMMER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Thomas Kulhanek appeals from a judgment of conviction for exposing genitals, pubic area, or intimate parts to a child. Kulhanek

argues the circuit court erroneously exercised its discretion when performing in camera reviews of confidential State agency reports and records containing prior allegations of sexual assault by the victim. We affirm.

## BACKGROUND

¶2     The State charged Kulhanek with numerous sexual crimes after a minor girl made allegations against him. At the time of the charged acts, Kulhanek was fifty years old and the victim was nine years old. As part of its investigation, the Green Bay Police Department had referred the victim to a forensic interviewer with Family Services. During the audiovisual-recorded forensic interview at the Child Advocacy Center, the victim discussed Kulhanek's actions. At the conclusion of the interview, the victim was asked if she had ever been assaulted before. The victim stated that she had been previously molested by her stepbrother.

¶3     Before trial, the State filed a notice of intent to use the audiovisual recordings at trial, pursuant to WIS. STAT. § 908.08(4) (2017-18),[1] together with an offer of proof. Kulhanek filed a response, requesting a hearing concerning the admission of the audiovisual recordings "in relation to the criteria set forth in sec. 908.08, Stats., for admissibility." Kulhanek also asked that the recordings "be presented to the jury in whole and not edited in any way," if the recordings were deemed admissible. Kulhanek further requested that the victim be produced immediately following the showing of the recordings to the jury for cross-examination.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶4 Kulhanek further moved the circuit court to conduct an in camera review of any records or reports generated from the victim's allegations against her stepbrother. In his "Brief Supporting Motion For An In Camera Inspection of Child Protection Services Records Of The Alleged Victim," Kulhanek clarified that "[t]he purpose of the inspection would be to determine if there is any evidence of 'prior untruthful allegations of sexual assault' and be admissible as an exception to Wisconsin's rape shield law. Sec. 972.11(2)(b)3[.], Stats."[2]

¶5 The circuit court conducted in camera reviews of four prior allegations the victim had made against her stepbrother. The court denied disclosure of the first three allegations on the grounds that a jury could not reasonably find the victim made prior untruthful allegations. The court noted that the victim never recanted her allegations and that her statements about the events were not significantly contradictory. Regarding the fourth allegation, the court found that a jury could reasonably find the child made a prior untruthful statement of sexual assault. The court then considered whether the allegation was material to a fact at issue in the case. The court found the allegation "completely different in nature to the facts that exist in the pending case." Finally, the court found the highly inflammatory and prejudicial nature of the allegation outweighed any probative value. Accordingly, the court concluded that the allegations were not admissible.

---

[2] Kulhanek also filed a motion in limine, which made two requests related to the victim's forensic interview. Kulhanek subsequently submitted a proposed order to the circuit court that would direct the human services department or child protective services to "search its records and to provide to defendant any records concerning the alleged prior sexual assault for the limited purpose of determining if any records existed showing the information was untruthful and potentially admissible at trial." Kulhanek also requested an in camera review of the victim's confidential records. After the hearing, the court granted the motion for an in camera review.

¶6     Kulhanek then renewed his request that the victim's fourth allegation against her stepbrother "be allowed to be used at the trial:"

> [Defense counsel]:  I just wanted to make a record that I am renewing my request to have the evidence that the Court reviewed, particularly the evidence concerning the – I think the March 2005 incident, which the Court found to be – found some indication of untruthfulness but determined that it was not material or that it was unfairly prejudicial, I renew my request that that evidence be allowed to be used at the trial.

¶7     The circuit court denied Kulhanek's request.  At trial, the State played an edited version of Family Services' forensic interview, which omitted reference to the victim's prior allegations against her stepbrother.

¶8     The victim also testified at trial, describing incidents of Kulhanek's sexual touching, as well as three incidents of his "pants coming down."  Kulhanek testified in his own defense, acknowledging a relationship with the victim but denying any sexual assault.  Kulhanek insinuated that the victim lied about the incidents.

¶9     The jury found Kulhanek guilty of exposing genitals, pubic area, or intimate parts.  Kulhanek was found not guilty of two counts of first-degree sexual assault of a child under thirteen, and one count of child enticement.  Kulhanek now appeals.

## DISCUSSION

¶10     At the outset, we need to properly frame the issue on appeal. Kulhanek insists that the circuit court erred by addressing the *admissibility* of requested confidential documents instead of their *materiality*, such that the ruling was "procedurally defective."  In doing so, he notes that his relevant motion in the

circuit court cited, albeit only once, ***State v. Shiffra***, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993), and ***State v. Green***, 2002 WI 68, 253 Wis. 2d 356, 646 N.W.2d 298. Yet, as the State aptly notes—and as we explain more fully below—the court conducted the precise analysis Kulhanek requested, which premised the materiality of the documents to his defense on their admissibility under the prior untruthful allegation exception to the rape shield law, as set forth in WIS. STAT. § 972.11(2)(b)3. He did not advance any different (or more general) argument for disclosure under the principals of a ***Shiffra/Green*** analysis. While ultimately we do not adopt the State's request to deem Kulhanek's appellate arguments as being either forfeited or judicially estopped, our review of alleged circuit court error here is cognizant of Kulhanek's arguments made below, as opposed to what he now purports to have argued.

¶11 The admissibility of evidence lies within the circuit court's sound discretion. ***State v. Pepin***, 110 Wis. 2d 431, 435, 328 N.W.2d 898 (Ct. App. 1982). A court also exercises its discretion when it determines that information reviewed in camera should not be disclosed because it is not material to the defense. *See* ***State v. Solberg***, 211 Wis. 2d 372, 385-86, 564 N.W.2d 775 (1997). Whether evidence is of sufficient probative value to outweigh its inflammatory and prejudicial nature is also within the circuit court's discretion. *See* ***State v. DeSantis***, 155 Wis. 2d 774, 792, 456 N.W.2d 600 (1990).

¶12 Chapter 48 of the Wisconsin Statutes, entitled the "Children's Code," addresses a wide range of matters affecting children. Pursuant to WIS. STAT. § 48.981(2), a required reporter must report suspected abuse or neglect if there is "reasonable cause to suspect that a child seen by the reporter in the course of professional duties has been abused or neglected," or if there is reason to believe the child has been threatened with abuse or neglect and that abuse or

neglect of the child will occur. All juvenile records and reports made under the statute and "maintained by an agency or other persons, officials and institutions shall be confidential." Sec. 48.981(7)(a). A "record" is statutorily defined as "any document relating to the investigation, assessment and disposition of a report under this section." Sec. 48.981(1)(f). The statute provides a number of exceptions to the confidentiality requirement, none of which allow for disclosure to a defendant in a criminal case. Sec. 48.981(7)(a)1.-17.

¶13 Although the reports and records generated under WIS. STAT. § 48.981 are confidential, they may be disclosed to a defendant under certain circumstances. *See **Pennsylvania v. Ritchie***, 480 U.S. 39 (1987). In ***Ritchie***, the Court held that due process principles governed the State's obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment. ***Id.*** at 57. Discussing the "materiality" requirement, the Court stated, "[e]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." ***Id.*** (citation omitted). Balancing the defendant's right to State-held exculpatory evidence against the State's "compelling interest in protecting child-abuse information," the Court ruled that the trial court must conduct an in camera review of the record to determine whether it contained material evidence—i.e., evidence that "may have changed the outcome of [the] trial had it been disclosed." ***Id.*** at 59-61.

¶14 In the present case, Kulhanek asserted below that the child protective services records pertaining to the investigations the county made into the allegations against the victim's stepbrother were potentially material to his defense because they might show the victim made a prior untruthful allegation of sexual

assault, which would be admissible at trial as an exception to the rape shield statute. The rape shield law "generally prohibits the introduction of any evidence of the complainant's prior sexual conduct 'regardless of the purpose.'" *See State v. Ringer*, 2010 WI 69, ¶25, 326 Wis. 2d 351, 785 N.W.2d 448 (quoting WIS. STAT. § 972.11(2)(c)). It demonstrates the legislature's determination that "evidence of a complainant's prior sexual conduct is largely irrelevant or, if relevant, substantially outweighed by its prejudicial effect." *See State v. Carter*, 2010 WI 40, ¶39, 324 Wis. 2d 640, 782 N.W.2d 695.

¶15 The rape shield law's "broad evidentiary prohibition" is, however, subject to three statutory exceptions, which encompass limited factual scenarios where the legislature has determined that the evidence of the complainant's sexual history may be sufficiently probative of a material issue so as to overcome the prejudicial nature of such evidence. *Ringer*, 326 Wis. 2d 351, ¶25. The three statutory exceptions permit evidence of: (1) the complaining witness's past conduct with the defendant; (2) specific instances of sexual conduct showing the source or origin of semen, pregnancy, or disease, for use in determining the degree of sexual assault or the extent of injury suffered; and (3) prior untruthful allegations of sexual assault made by the complaining witness. WIS. STAT. § 972.11(2)(b)1-3.

¶16 Evidence of a victim's alleged prior untruthful allegations of sexual assault is admissible only if the circuit court makes three determinations: (1) the proffered evidence fits within WIS. STAT. § 972.11(2)(b)3; (2) the evidence is material to a fact at issue in the case; and (3) the evidence is of sufficient probative value to outweigh its inflammatory and prejudicial nature. *Ringer*, 326 Wis. 2d 351, ¶27. Thus, "only after close judicial scrutiny," may a defendant introduce at

trial evidence of the complainant's prior untruthful allegations of sexual assault. *Id.*, ¶26.

¶17    Here, the record reveals that Kulhanek made a specific request to the circuit court when he asked for an in camera review: "Defendant is requesting an in camera review of the alleged victim's confidential records of allegations of a prior sexual assault to determine if there is any evidence of that allegation being untruthful *and admissible as an exception to sec. 972.11(2)(b)3. Stats.*"  At numerous points, Kulhanek confirmed that the confidential reports and records relating to the victim's allegations against her stepbrother were material to his defense only if they were admissible under the prior untruthful allegations exception to the rape shield law, sub. (3).

¶18    It is also apparent from the record that when granting Kulhanek's motion for an in camera review, the circuit court accepted Kulhanek's stated purpose for review.  The court noted, "[Kulhanek] wants this material to determine if there is any evidence or prior untruthful allegations of sexual assault *that would be admissible under 972.11(2)(b)3.*"  (Emphasis added.)  The specificity of Kulhanek's request was further reflected in the court's order granting the motion for an in camera review: "That the purpose of the in camera review is to determine if there is any evidence of a 'prior untruthful allegation of sexual assault' as defined by case law, by [the victim], *which could be admissible at trial in this case under section 972.11(2)(b)3.*, Wis. Stats."  (Emphasis added.)

¶19    Kulhanek has developed an entirely new argument on appeal. Kulhanek argues the question "is whether the records in question will be disclosed to the defense, not whether they are admissible at trial."  Kulhanek contends the circuit court erred procedurally by ruling

> on their admissibility rather than deciding whether the documents were to be disclosed as material to the defense. Admissibility of the evidence was never before the court, and without first determining whether the documents were material, an admissibility determination was improper.

Kulhanek claims he "brought a motion for in camera review under *Shiffra/Green* and was seeking a disclosure of material documents. The court never ruled on whether the sought after documents were material."

¶20 To obtain an in camera review of protected information under *Shiffra/Green*, a defendant must "set forth, in good faith, a specific factual basis demonstrating a reasonable likelihood that the records contain relevant information necessary to a determination of guilt or innocence and is not merely cumulative to other evidence available to the defendant." *Green*, 253 Wis. 2d 356, ¶34. Information is "necessary to a determination of guilt or innocence if it 'tends to create a reasonable doubt that might not otherwise exist.'" *Id.* If the defendant meets that showing, the circuit court must then examine the records in camera and determine "whether the records contain any relevant information that is 'material' to the defense of the accused." *Solberg*, 211 Wis. 2d at 386, citing *Ritchie*, 480 U.S. at 58. If the court determines that the records contain material information, then "that information should be disclosed to the defense if the [subject of the records] consents to such disclosure." *Id.*, 211 Wis. 2d at 386-87. If, however, the court "determines that the records do not contain relevant information material to the defense, the circuit court must not disclose the records or any information therefrom to the defendant." *Id.* at 387.

¶21 Kulhanek now suggests that there was at least a reasonable probability that had the records been disclosed pursuant to his request, the outcome of the trial would have been different. He contends on appeal that the

reports and records might be material to his defense because they showed that (1) the victim's family was a "high-conflict family," and (2) the victim's mother and stepbrother had some "significant mental-health treatment issues," and the jury thus would have been less likely to find the present allegations against Kulhanek credible.

¶22    But Kulhanek did not move for an in camera review of the reports and records on these grounds in the circuit court.[3]  Indeed, the court conducted the review just as Kulhanek requested—and answered the only question presented to it—namely, whether the victim's prior allegations were admissible under the prior untruthful allegation exception to the rape shield statute.  The court's discretionary decision to exclude the evidence was supported by the relevant law and the applicable facts.  The court correctly concluded that a jury acting reasonably could not find the first three allegations were untruthful.  As the court noted, the victim never recanted and her statements about those events were not significantly contradictory.  *See **Ringer***, 326 Wis. 2d 351, ¶37.

---

[3]  Kulhanek also vaguely asserts that had "the jury been provided with evidence that [the victim] made a prior untruthful allegation of sexual assault they would have been less likely to find the present allegations against Mr. Kulhanek credible."  But the jury would not have been provided with that evidence because the circuit court concluded that it was inadmissible under the rape shield statute.  Significantly, Kulhanek does not appear to challenge on appeal the court's ruling of inadmissibility under the rape shield statute.

Furthermore, it is the defendant's burden to reasonably investigate information related to the victim before setting forth an offer of proof and to clearly articulate how the information sought corresponds to his or her theory of defense.  *See **Green***, 253 Wis. 2d 356, ¶35.  Because Kulhanek did not move for disclosure below based on the materiality of the information in the records that he now claims, such as the victim's "high-conflict family" or the "significant mental-health treatment issues" of the victim's mother and stepbrother, he failed to demonstrate that he exhausted all other options for obtaining that information.

¶23     The circuit court acknowledged that a jury could find the fourth allegation untruthful, so it then went on to discuss the second determination under *Ringer*—i.e., whether the allegations were material to a fact at issue. *Id.*, ¶27. The court was satisfied the evidence of that event was not material to a fact at issue in the case. The court stated that a jury acting reasonably would find the evidence "simply unbelievable based on the children's age, based on its remoteness in time, based on the fact that it would be extremely difficult to prove or disprove these events." Independently, the court also found the events described in the fourth allegation "so different in nature, in history, in background, and in context from the allegations contained here that I'm not certain it's reasonable or that a jury would find these events to be material to an issue of fact in this case." *See DeSantis*, 155 Wis. 2d at 791 ("The fact that the prior incident was remote in time and dissimilar in circumstances further diminishes the value of comparing the two incidents and drawing conclusions regarding the complainant's credibility or her consent.").

¶24     Finally, the circuit court properly exercised its discretion by determining under the third *Ringer* requirement that the prior allegations were not probative enough to outweigh the "highly inflammatory" and "prejudicial" nature of the information. Because the victim's prior allegations did not meet the three-part test for admissibility, the court properly exercised its discretion by ruling them inadmissible.

¶25     Kulhanek had the opportunity at the end of the in camera review hearing to tell the circuit court it had performed the wrong analysis, if he believed the court erred by ruling on admissibility at trial without first determining whether the documents should be disclosed to the defense. Instead, Kulhanek "renew[ed his] request" that the "evidence be allowed to be used at the trial" under

11

the exception to the rape shield statute for a prior untruthful allegation. Kulhanek will not now be heard to take issue with the court performing the review he requested below—and ruling on the only issue presented to the court—i.e., the admissibility of the evidence under the prior untruthful allegation exception to the rape shield statute.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.