COURT OF APPEALS
DECISION
DATED AND FILED

July 5, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP411-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2021CF59

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

STEVEN L. JONES,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Winnebago County:  JOHN A. JORGENSEN, Judge.  *Affirmed.*

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Steven L. Jones appeals from a judgment, entered following a jury trial, convicting him of attempted burglary and possession of burglarious tools, both as party to a crime.  He also appeals from an order denying postconviction relief.  On appeal, Jones argues he is entitled to a new trial because the circuit court erroneously admitted opinion testimony from an investigating detective and because the circuit court was overly intrusive and biased when it questioned a witness.  We affirm.

## BACKGROUND

¶2     According to the complaint, while working late and alone at a pharmacy, the owner of the pharmacy heard "scratching or scraping" at the back door of the building, saw the door handle turn and wiggle, and called police because she believed someone was trying to break in.  When police arrived, one officer saw a red four-door sedan quickly driving away.  Another officer pursued the vehicle.  Following a high speed chase, the car crashed.  There were two occupants in the vehicle—the driver and Jones.  In the vehicle, police found various items, including two pry bars and a screwdriver.  At the pharmacy, police determined marks on the back door indicated "that a screwdriver type pry tool had been used to attempt to breach the back door."  Police also found footprints in the snow leading from the pharmacy's back door to where a car had been parked.  Surveillance video showed a red VW Jetta driving away from the scene of the attempted burglary.  The State charged Jones with attempted burglary and possession of burglarious tools, both as party to a crime.

¶3     At trial, and as relevant for appeal, the owner testified that she was working late when she heard the pharmacy's rear door handle jiggling like "someone ... had their hand on the other side of the door handle and was trying to

open it." This door was in the rear of the pharmacy and not for customers. She called 911. The circuit court asked whether the owner gave permission or consent to anyone to enter the pharmacy after closing hours, and she said no. Jones' counsel objected to the court's question on the basis that "the State had not established that the attempted entry was without consent, an essential element, and the Court established that for the State." The court overruled the objection because it was "allowed" by statute "to control the mode and method of questioning."

¶4      Then, during the investigating detective's testimony, the detective testified that he saw "evidence of prying or tool marks on the exterior of the [back] door" of the pharmacy, with "a couple of them that definitely appear[ed] fresh" based on the small pieces of paint shavings from the door that were flaking and coming off by the tool marks. When asked whether the detective could "consider these marks normal wear and tear on the door," Jones objected because "this is getting into expert testimony regarding tool print comparison." The court instructed the State to lay some foundation.

¶5      The detective then testified that in his twenty-six years as a detective, he had investigated "several hundred burglaries" involving "forced entries to buildings" and "tool marks such as this," and that it was "very common for burglars to use a pry bar or a screwdriver to damage the door frame and to create a gap so that the door opens." The marks on the pharmacy door did not "look like normal wear and tear" to the detective because it appeared "that there were attempts to pry this door open using a tool … similar to a pry bar and a smaller tool similar to a screwdriver." After the detective confirmed that he had used screwdrivers and pry bars himself and stated that the marks on the pharmacy door were consistent with such use, Jones again objected because this statement called "for expert testimony." The court allowed the testimony "based upon the experience that we heard."

¶6    Ultimately, the jury found Jones guilty as charged and the court sentenced him. Jones filed a postconviction motion, which the court denied after a hearing. He appeals.

## DISCUSSION

¶7    On appeal, Jones first argues he is entitled to a new trial because the circuit court erroneously admitted opinion testimony from the investigating detective who determined the pharmacy's back door had marks on it indicating a tool was used to attempt to pry it open. He contends that the detective testified as an expert witness pursuant to WIS. STAT. § 907.02 (2021-22)[1] and the State failed to qualify the detective as a tool-marks expert under § 907.02.

¶8    We disagree. Contrary to Jones' assertions, the State did not present the detective's testimony as an expert witness under WIS. STAT. § 907.02. Rather, the detective's testimony was admitted as nonscientific, lay opinion under WIS. STAT. § 907.01. Lay opinion testimony is limited to opinions that are rationally based on the witness's perception, helpful to the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of an expert witness. *See* § 907.01.

---

[1] WISCONSIN STAT. § 907.02 (2021-22) is titled "Testimony by experts," and provides, in relevant part:

> (1) If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if the testimony is based upon sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶9 Here, the detective testified about his law enforcement experience investigating burglaries that involved forced entries with tool marks caused by pry bars or screwdrivers. He opined that, based on his knowledge and experience, the marks he observed on the door were not "normal wear and tear" but instead were evidence of "attempts to pry this door open using a tool." The detective's testimony was rationally based on his perception and helpful to an understanding that the damage was caused by an attempt to pry the door open with a tool. *See* WIS. STAT. § 907.01. The circuit court properly exercised its discretion when it admitted the detective's testimony. *See **State v. Ringer***, 2010 WI 69, ¶24, 326 Wis. 2d 351, 785 N.W.2d 448 (We will "not disturb a circuit court's decision to admit evidence unless the court erroneously exercised its discretion."). Jones is not entitled to a new trial on this basis.

¶10 Next, Jones contends he is entitled to a new trial because the circuit court was overly intrusive and biased. "In analyzing a judicial-bias claim, we start with the 'presumption that the judge is free of bias and prejudice.'" ***State v. Pirtle***, 2011 WI App 89, ¶34, 334 Wis. 2d 211, 799 N.W.2d 492 (citation omitted). The defendant has the burden to prove the court was biased. ***Id.*** Jones argues the circuit court was biased when it questioned the owner during trial to establish that she did not consent to Jones attempting to enter the pharmacy. He contends the circuit court was biased because it helped the State prove its case.

¶11 We disagree. Here, the circuit court questioned the owner following the prosecutor's direct examination and Jones' cross-examination to clarify issues flowing directly from the evidence. WISCONSIN STAT. § 906.14(2) explicitly permits the court to question a witness. That the circuit court questioned the witness does not mean the court demonstrated bias and took a side in the case. Jones has

made no showing that the circuit court's action gave the appearance to the jury that the court had taken sides in this case.[2]

¶12    Although Jones argues the circuit court's question helped the State prove its case, Jones overlooks that there was more than sufficient evidence that Jones did not have consent to enter the pharmacy before the court even asked the clarifying question. On direct examination, the owner testified that she heard someone trying to get into the locked, non-customer, back door of her pharmacy late at night after the business was closed to the public, and she called 911 to report a break in. This evidence circumstantially established the person trying to get into the pharmacy did not have consent to do so.

¶13    Finally, Jones argues he is entitled to a new trial in the interest of justice. In support, Jones contends, in conclusory fashion, that cumulatively, the "improper admittance of 'expert testimony,' [the circuit court's] overlying intrusive behavior impacting the jury, and confusing jury instructions" deprived him of his right to a fair trial. At the outset, Jones has not developed any legal argument about the jury instructions used in this case, and we will not consider it further. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider undeveloped arguments or those unsupported by adequate authority). As to Jones' remaining points, because we conclude the circuit court did not err by admitting the detective's opinion testimony or by questioning the owner, we conclude Jones is not entitled to a new trial in the interest of justice.

---

[2] In support of his bias argument, Jones complains "[t]here were many instances at trial where the Court came in to assist the State." However, other than questioning the owner, Jones does not identify any other occasion where the circuit court purportedly did something wrong or potentially wrong. We will not consider this argument further. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider insufficiently developed arguments).

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.